# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. AARON STEWART, | ) | |
| | ) | |
| Petitioner, | ) | No. 09 C 5303 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| ANTHONY RAMOS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Aaron Stewart has filed a petition pursuant to 28 U.S.C. § 2254 to set aside his conviction and sentence. For the reasons set forth below, the Court denies the petition.

## Background

In 2003, Stewart was convicted of attempted murder and sentenced to fifty-five years in prison. (Pet. at 1.) He appealed, arguing that he did not validly waive his right to a jury trial and his sentence was excessive. (*See* Gov't Ex. A, *People v. Stewart*, No. 1-03-0891 at 1 (Ill. App. Ct. Mar. 29, 2005). The appellate court affirmed his conviction and sentence. (*Id.* at 5.) Stewart did not file a petition for leave to appeal to the supreme court.

Thereafter, Stewart filed an amended post-conviction petition alleging that: (1) his due process rights were violated because: (a) the complaint against him was based on perjury; (b) he was indicted and sentenced under a statute that was not in effect at the time of the offense; (c) the statute under which he was convicted was held unconstitutional; (d) he was tried without being arraigned; (e) the court did not rule on his *pro se* motion for a new trial; (2) the trial court erred by refusing to

let him file a motion to quash and suppress; (3) the trial court lacked jurisdiction to try the case; (4) the trial court erred in refusing to discharge petitioner; (5) trial counsel was ineffective for failing to move in limine to have evidence of petitioner's prior convictions barred and for failing to raise issues 1-4; and (6) appellate counsel was ineffective for failing to raise issues 1-5 and for filing a motion to vacate a dismissal order. (*See* Gov't Ex. SS, Am. Pet. Post-Conviction Relief at 36-39, 71.) The trial court denied the petition. (*See* Gov't Ex. WW, 4/3/06 Hr'g Tr. at H-1-6.)

On appeal, Stewart argued only that trial counsel was ineffective for failing to file a motion in limine to exclude evidence of Stewart's prior convictions. (*See* Gov't Ex. F, Br. & Arg. Pet'r-Appellant at 2.) The appellate court affirmed the denial of the petition. (*See* Gov't Ex. E, *People v. Stewart*, No. 1-06-1343 at 8 (Ill. App. Ct. Feb. 19, 2008).) Stewart did not file a petition for leave to appeal to the supreme court.

Subsequently, Stewart filed a motion for leave to file a successive post-conviction petition, raising all of the claims that he had raised in his amended post-conviction petition as well as a claim of actual innocence. (*See* Gov't Ex. K, Mem. Supp. Mot. Leave Withdraw Counsel Appeal at 9-10.) The trial court denied the motion. (*See* Gov't Ex. J, *People v. Stewart*, No. 1-09-2824 at 1 (Ill. App. Ct. Nov. 19, 2010).) The appellate court affirmed the decision, and the supreme court denied leave to appeal. (*See id.* at 2; Gov't Ex. N, *People v. Stewart*, No. 112430 (Ill. Sept. 28, 2011).)

Next, Stewart filed a petition for a state writ of habeas corpus, arguing that his conviction was unlawful because the attempted murder statute had been held to be unconstitutional. (*See* Gov't Ex. U, *People v. Stewart*, No. 3-10-0228 at 2 (Ill. App. Ct. June 6, 2011).) The trial court dismissed the petition. (*Id.* at 1-2.) The appellate court dismissed as untimely Stewart's appeal of that

2

decision, and the supreme court denied his petition for leave to appeal. (*See id.* at 5; Gov't Ex. Z, *People v. Stewart*, No. 113001 (Ill. Nov. 30, 2011).)

Thereafter, Stewart filed a second petition for a state writ of habeas corpus, which was also denied. (*See* Gov't Ex. AA, *People v. Stewart*, No. 3-12-0668 at 1 (Ill. App. Ct. June 10, 2013).) The appellate court affirmed the decision, and the supreme court denied Stewart leave to appeal. (*See id.* at 5; Gov't Ex. FF, *People v. Stewart*, No. 116417 (Ill. Sept. 25, 2013).)

## **Discussion**

In this petition, Stewart alleges that: (1) his due process rights were violated because (a) the felony complaint and indictment against him were based on perjury; (b) the trial court refused to let him file a motion to quash arrest and suppress evidence; (c) he was convicted under a statute that had not been codified and was not alleged in the indictment; (d) he was indicted under an unconstitutional statute; (e) the trial court lacked jurisdiction to try him; (2) his trial counsel was ineffective for (a) failing to raise issues 1(a)-(e) and (b) failing to interview witness Diane; (3) his appellate counsel was ineffective for (a) failing to raise issues 1(a)-(e) and 2(a); and (b) failing to raise issue 2(b); (4) his post-conviction trial and appellate counsel were ineffective for failing to raise issues 1-3; (5) the trial court improperly denied his habeas petitions and erred in refusing to follow another state judge's ruling; (6) the appellate court erred by (a) dismissing his appeal of the denial of his second motion for void judgment; and (b) denying his appeals of the denial of his habeas petitions; and (7) he is actually innocent.

Stewart is entitled to relief under § 2254 on these claims only if he asserted them "through one complete round of state-court review, either on direct appeal or in post-conviction proceedings."

3

*Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). "This means that the petitioner must [have] raise[d] the [claims] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Stewart raised claims 1(a)-(e), 2(a), 3(a), and 6(a) in his first post-conviction petition, but did not seek leave to appeal the denial of that petition to the Illinois Supreme Court. (*See* Gov't Ex. SS at 36-39.) Thus, those claims are procedurally defaulted. *Lewis*, 390 F.3d at 1025-26.

The Court can nonetheless address the merits of these claims if Stewart shows cause for and prejudice from having failed to raise them in state court, or that he is actually innocent, *i.e.*, "that no reasonable juror would have found him guilty of [attempted murder] but for the error(s) he attributes to the state court." *Id.* at 1026. Because Stewart has done neither, the Court cannot review claims 1(a)-(e), 2(a), 3(a), or 6(a).[1]

The Court also cannot review claims 4, 5 and 6(b) because they are not cognizable under § 2254. Whether the state courts erred in their decisions with respect to Stewart's state habeas corpus petitions is a question of state, not federal law, and thus, cannot be the basis for § 2254 relief. *See* § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); 735 Ill. Comp. Stat 5/10-124 (setting forth the grounds for state habeas relief); *U.S. ex rel. Hoover v. Franzen*, 669 F.2d 433,

---

[1] Stewart's failure to demonstrate actual innocence to excuse his procedural default also dooms his seventh claim, *i.e.*, that he is actually innocent.

436-37 (7th Cir. 1982) (stating that claims for violation of a state constitution are not cognizable under § 2254.) Moreover, § 2254 expressly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I).

That leaves claim 2b, that trial counsel was ineffective for failing to interview witness Diane, and claim 3b, that appellate counsel was ineffective for failing to challenge that aspect of trial counsel's performance. To prevail on an ineffective assistance claim, Stewart must prove both that his counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Stewart has done neither. He offers no evidence – an affidavit from Diane, for example – that suggests her testimony would have been favorable to him. Moreover, regardless of what she would have said, the record shows that Stewart was not prejudiced by the absence of Diane's testimony because the evidence of his guilt was overwhelming. (*See, e.g.*, Gov't Ex. JJ, Trial Tr. at R-15-18 (victim testifying that Stewart stabbed her); *id.* at R-71-73 (eyewitness testifying that she saw Stewart stab the victim); Gov't Ex. KK, Trial Tr. at S-29-36 (arresting officer testifying that he saw Stewart near the crime after the stabbing in a T-shirt that appeared to be covered in blood and took him back to the crime scene where he was identified by the eyewitness as the attacker); *id.* at S-60-63 (police officer's testimony that he and his partner found a knife in the street near where Stewart was arrested); *id.* at S-70-75 (stipulation that the victim's DNA was found on Stewart's shirt and the knife). Accordingly, Stewart is not entitled to § 2254 relief on his claims.

**Conclusion**

For the reasons set forth above, the Court denies Stewart's § 2254 petition, and terminates this case. Moreover, the Court declines to issue a certificate of appealability because Stewart has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2245(c)(2). Civil case terminated.

SO ORDERED.   ENTERED:   April 6, 2015

_____
**HON.  JORGE ALONSO**
**United States District Judge**